# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| WILLIAM BAUMANN, | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-19-1049 |
| | * |
| ADVANCED TECHNOLOGY SERVICES, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff William Baumann ("Plaintiff") brings claims of negligence, product liability, and breach of warranty against four defendants to recover for injuries he sustained at his workplace when a piece of machinery that he was using malfunctioned and struck him in the chest. Plaintiff filed a Complaint, ECF No. 2, and an Amended Complaint, ECF No. 3, in the Circuit Court for Prince George's County, Maryland, and Defendants removed the action to this Court on April 8, 2019, ECF No. 1. On April 11, 2019, Defendants Eaton Corporation ("Eaton") and Eaton Aeroquip LLC ("Aeroquip") filed a Motion to Dismiss the claims against them. ECF No. 11. No hearing is necessary. *See* Loc. Rule 105.6. (D. Md.). For the following reasons, the Court will grant in part and deny in part the Motion to Dismiss.

## I.     BACKGROUND[1]

According to the Amended Complaint, Defendants Eaton and Aeroquip design, manufacture, sell, and distribute certain industrial equipment including a product known as an

---

[1] Unless otherwise stated, these facts are taken from Plaintiff's Amended Complaint, ECF No. 3, and are presumed to be true.

1

Application Testing Process Stand ("ATP stand"). ECF No. 3 ¶¶ 4–8. Plaintiff, a resident of Maryland, was employed by Eaton as a Manufacturing Engineer and worked at a facility in Beltsville, Maryland. *Id.* ¶ 1, 8–9. On January 29, 2016, Plaintiff was working at the Beltsville facility and using an ATP stand produced by Eaton and Aeroquip to test a "flex joint" when the flex joint ejected from the ATP stand and struck Plaintiff in the abdomen. *Id.* ¶¶ 10–11. The flex joint punctured Plaintiff's skin and caused severe and debilitating injuries that required immediate medical treatment. *Id.* ¶ 11.

Eaton had retained Defendant Omron Scientific Technologies, Inc. ("Omron"), a company that performs safety certifications for industrial equipment, to certify the equipment at the Beltsville facility, including the ATP stand that Plaintiff was using when he was injured. *Id.* ¶¶ 2, 14, 17. Eaton had also engaged Defendant Advanced Technology Services ("Advanced Technology") as the "onsite facilities manager" for the Beltsville facility, a role that included maintaining equipment and performing facility maintenance, including on the ATP stand at issue. *Id.* ¶¶ 3, 13, 19. On or about August 12, 2015 and August 14, 2015, Omron and Advanced Technology "were made aware of faulty protective covers on the ATP stand onsite during the testing of flex joints, such as the part that injured the Plaintiff." *Id.* ¶ 15. Omron and Advanced Technology nonetheless "decided to continue certifying and operating those testing areas" at the Beltsville facility. *Id.* ¶ 16.

Plaintiff filed a Complaint in the Circuit Court for Prince George's County, Maryland on November 13, 2018, asserting claims of negligence against Omron and Advanced Technology and defective design and failure to warn against Eaton and Aeroquip. ECF No. 2 at 6–16.[2] Plaintiff's Amended Complaint, filed on January 28, 2019 in the same court, added claims for

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

manufacturing defect liability and breach of implied warranty against Eaton and Aeroquip and a breach of express warranty claim against Eaton. ECF No. 3 at 15–22. On April 2, 2019, Omron filed an Answer to the Amended Complaint generally denying liability, asserting defenses, and demanding a jury trial. ECF No. 4.

The Defendants jointly removed the action on April 8, 2019, invoking this Court's diversity jurisdiction. ECF No. 1. Defendants assert, and Plaintiff has not contested, that the amount in controversy is greater than $75,000 and that complete diversity exists because none of the Defendants are domiciled in Maryland. *Id.* ¶¶ 5–14. On April 11, 2019, Eaton and Aeroquip filed a Motion to Dismiss the claims against them. ECF No. 11-1. Plaintiff filed an Opposition to the Motion to Dismiss on April 25, 2019. ECF No. 17. On May 8, 2019, Advanced Technology filed an Answer to the Amended Complaint denying its allegations in full and demanding a jury trial. ECF No. 20 at 1–3. Eaton and Aeroquip filed a Reply in support of their Motion to Dismiss on May 9, 2019. ECF No. 22.

## II.     STANDARD OF REVIEW

To state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific" inquiry, drawing on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570). The Court accepts "all well-pled facts as true and construes these facts in the

light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court must "draw all reasonable inferences in favor of the plaintiff." *Id.* at 253 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "[B]ut [the Court] need not accept the legal conclusions drawn from the facts, and . . . need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Id.* (first alteration in original) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

"Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider exhibits, without converting the motion to dismiss to one for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019) (citing *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)). "In particular, a court may consider documents that are 'explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . .'" *Id.* (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)). The Court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166. Courts are also permitted to "consider facts and documents subject to judicial notice" at the motion to dismiss stage. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

## III. DISCUSSION

In their Motion to Dismiss, Eaton and Aeroquip argue that they are Plaintiffs' employers and that accordingly claims against them are preempted by the Maryland Workers'

Compensation Act ("MWCA"). The Court first considers the impact of that statute on Plaintiff's claims before turning to the issue of Plaintiff's proper employer.

The MWCA "provides the exclusive remedy to an employee for an injury or death arising out of and in the course of employment." *McCullough v. Liberty Heights Health & Rehab. Ctr.*, 830 F. Supp. 2d 94, 99 (D. Md. 2011) (citing Md. Code Ann., Lab & Empl. § 9-509); *see also Gantt v. Security, USA*, 356 F.3d 547, 554 (4th Cir. 2004); *Board of Ed. of Prince George's Cty. v. Marks-Sloan*, 50 A.3d 1137, 1145 (Md. 2012) (explaining that "an injured employee's sole remedy against his or her employer for an accidental personal injury sustained during the course of employment is through the Workers' Compensation Act"). "The purpose of the exclusivity rule is to ensure swift compensation to the injured employee and to prevent a double recovery, through a workers' compensation award and a tort judgment, from an employer by an injured employee." *Marks-Sloan*, 50 A.3d at 1145. The Maryland Court of Appeals has "explained that '[t]he only exceptions in the Labor and Employment title permitting a right of action against the employer deal with the [employer's] failure to secure compensation, LE § 9–509(c), and deliberate acts by the employer[,] LE § 9–509(d).'" *Id.* at 1158 (first and third alterations in original) (quoting *Suburban Hospital, Inc. v. Kirson*, 763 A.2d 185, 202 (Md. 2000)).

Here, Plaintiff plainly and unequivocally alleges that he suffered an accidental personal injury during the course of his employment. ECF No. 3 ¶¶ 9–11. Because Plaintiff does not allege facts raising either of the exceptions to the statute, his sole remedy against his employer is through the MWCA. *Marks-Sloan*, 50 A.3d at 1145. Challenging this conclusion, Plaintiff asks the Court to recognize the "dual capacity doctrine," which he claims allows for relief against an employer for product liability claims arising out of a breach of "independent and distinct duties from the duties imposed on the entity as an employer," namely those owed by a manufacturer of

5

products. ECF No. 17 at 7 (citing *Bell v. Indus. Vangas, Inc.*, 637 P.2d 266, 270 (Cal. 1981) (en banc)). But the only Maryland case law that Plaintiff cites for this argument, *Great Atlantic & Pacific Tea Co., Inc. v. Imbraguglio*, 697 A.2d 885 (Md. 1997), provides no support for his position.

In that case, the defendant Great Atlantic was both a workers' compensation insurer and the parent company of SDS, the employer of the plaintiff's deceased husband, who was killed in a workplace accident at a warehouse that Great Atlantic owned. 697 A.2d at 579–80. The plaintiff successfully sought workers' compensation benefits from SDS, which Great Atlantic paid as SDS' insurer. *Id.* at 580. The plaintiff then filed suit against Great Atlantic and another of its subsidiaries that managed the warehouse, alleging premises liability on the part of Great Atlantic and joint liability for Great Atlantic and the warehouse management company for failing to properly supervise activities at the facility. *Id.* Great Atlantic argued that it was immune from suit under the MWCA because it was the workers' compensation insurer for SDS and the warehouse management company, but the Court of Appeals disagreed. *Id.* at 580, 589.

The court instead held that "a workers' compensation self-insurer cannot use its status as such to shield itself from the normal obligations attendant upon those acts unrelated to its role as a workers' compensation insurer." *Id.* at 589. "If [Great Atlantic] wishes to assume multiple identities, it must concomitantly shoulder the risks independently associated with those identities." *Id.* at 589–90. In other words, just because the premises where the plaintiff's husband was injured happened to be owned by his employer's workers' compensation insurer did not trigger the MWCA bar and preempt claims against the insurer-owner. *See id.* at 589. That the insurer-owner was also the parent company of plaintiff's husband's employer was irrelevant. *Id.*

6

*Great Atlantic* involved a relatively unique factual scenario that is not comparable to the situation here. No workers' compensation insurer is a party to this case; instead, Plaintiff merely seeks to hold his employer liable for injuries he sustained in the workplace in the course of his employment while using equipment produced and provided by his employer. Contrary to Plaintiff's claim in his Opposition to the Motion to Dismiss, Plaintiff's employer did not have "multiple identities" in the manner that *Great Atlantic* addressed. ECF No. 17 at 8. Nor does *Great Atlantic* address the "dual capacity" doctrine that Plaintiff relies on. And even if *Great Atlantic* could be read to recognize such a doctrine, the Maryland Court of Appeals put to rest any question on that issue three years later.

In *Suburban Hospital, Inc. v. Kirson*, the Court of Appeals held that "dual capacity is not compatible with Maryland law" and accordingly dismissed a nurse's suit against the hospital that employed her for negligence in treating injuries she sustained at work. 763 A.2d at 188, 202. In an expansive opinion thoroughly reviewing and rejecting the theory, the court explained that dual capacity doctrine cannot be applied alongside the MWCA "without doing considerable violence to the language employed" by the Maryland legislature in the statute. *Id.* at 202. In language that bears directly on Plaintiff's argument here, the decision also explicitly warned that adopting the dual capacity doctrine "would seem inexorably to lead to the abolition of the employer's immunity in product and premises liability cases." *Id.* at 203. With no authority and no basis to depart from this definitive holding by Maryland's highest court, the Court will decline Plaintiff's invitation to do so here and will dismiss Plaintiff's claims against his employer.

There remains a question, however, about who Plaintiff's employer is, though one facet of this issue is easily resolved. Plaintiff's Amended Complaint alleges that "Plaintiff was, at all times hereinafter mentioned, employed as a Manufacturing Engineer at Eaton Corporation." ECF

No. 3 ¶ 9. Therefore, for purposes of the pending Motion to Dismiss, the Court proceeds on the understanding that Plaintiff was employed by Defendant Eaton. *See Nemet Chevrolet*, 591 F.2d at 255 (holding that in reviewing motions to dismiss a complaint, courts must accept "all well-pled facts as true"). Plaintiff's Opposition to the Motion to Dismiss attempts to raise some question about whether Eaton was in fact his employer, but "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *McDonald v. LG Elecs. USA, Inc.*, 219 F. Supp. 3d 553, 541 (D. Md. 2016) (quoting *Whiting-Turner Contracting Co. v. Liberty Mut. Ins. Co.*, 912 F. Supp. 2d 321, 334 (D. Md. 2012)). Plaintiff cannot now retract or retreat from the allegation in the Amended Complaint that he was employed by Defendant Eaton. Accordingly, all claims against Defendant Eaton must be dismissed.

Plaintiff's claims against Aeroquip, however, may proceed. To support their argument that claims against both of them must be dismissed, Eaton and Aeroquip ask the Court to take judicial notice of a "Notice of Employee's Claim" form attached to the motion. ECF No. 11-2 at 4. The document is a Maryland Workers' Compensation Commission form dated February 23, 2016 that shows, among other things, Plaintiff's name, the date and location of his injury, and his physician and the location of his treatment. *Id.* The section of the form that Eaton and Aeroquip ask the Court to consider is titled "Employer Information," under which is written "EATON CORP," "AEROQUIP CORP," and an address, "11642 OLD BALTIMORE PIKE, BELTSVILLE, MD 20715." *Id.* Eaton and Aeroquip insist that this form shows that they are both Plaintiff's employers, that the Court should take judicial notice of that fact, and that the Court should dismiss the claims against both entities. ECF No. 11-1 at 3–4; ECF No. 22 at 5–6.

The Court is unpersuaded that judicial notice of the form is proper, and that even if it were, that the form shows definitively that Aeroquip employs Plaintiff. Under Federal Rule of

Evidence 201(b), courts may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute" because they are either generally known within the territorial jurisdiction of the court or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Brennan*, 361 F. Supp. 3d at 503. None of those requirements are met here. There is a reasonable dispute among the parties about the identity of Plaintiff's employer when he was injured, that fact is not a matter of general knowledge, and, most importantly, the form does not purport to definitively name Plaintiff's employer or employers. Notably, the form lists "AEROQUIP CORP," while Aeroquip has represented to this Court in its Local Rule 103.3 disclosure form that it is a limited liability company. *See* ECF No. 9 at 1–2. Additionally, though there is no reason to think that the form was prepared to deceive or mislead, it is unclear whether it was produced by Plaintiff, his employer, the Workers' Compensation Committee, or another unknown party, which further reduces its probative value.[3]

For these reasons, the Court will not take judicial notice of the form. Because Eaton and Aeroquip have asserted no other grounds for dismissing Plaintiff's claims against Aeroquip, the Court will deny the Motion to Dismiss those claims. Whether Aeroquip is Plaintiff's employer, rendering Plaintiff's claims against it barred, is a matter to be determined through discovery.

---

[3] Eaton and Aeroquip cite *Hohal v. Tangorre*, No. ELH-16-1893, 2016 WL 4889264, at *2 n.6 (D. Md. Sept. 15, 2016), in which they claim the court took judicial notice of "papers" in a workers' compensation claim. ECF No. 11-1 at 4. But the court there merely considered a complaint's allegations about a workers' compensation claim in New York and took notice of a New York court's description of the claim in affirming the decision of the state's workers' compensation board. *Hohal*, 2016 WL 4889264, at *2. Taking notice of another court's discussion of a completed workers' compensation claim is plainly not comparable to treating as true a single form of unknown origin in a claim with an unknown history and result. *Hohal* thus does not support Eaton and Aeroquip here.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss Plaintiff's claims against Eaton and Aeroquip, ECF No. 11, is granted in part and denied in part. Plaintiff's claims against Eaton are dismissed, while Plaintiff's claims against Aeroquip may proceed. A separate Order shall issue.

Date: February 10, 2020            /s/
                                                           GEORGE J. HAZEL
                                                           United States District Judge